BUXÓ, DEMANDANTE Y APELANTE, *v.* ASAMBLEA MUNICIPAL DE CAGUAS, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Humacao en incidente de memorándum de costas en un procedimiento de *certiorari.*

No. 2432.—Resuelto en mayo 31, 1921.

ABOGADO Y CLIENTE—ABOGADO A SUELDO—HONORARIOS.—El hecho de que un abogado sea empleado por un cliente a sueldo fijo por meses o por años, no impide a dicho cliente, en un pleito en que se le conceden las costas, el obtener de la parte contraria una suma de dinero que represente el valor de los servicios de dicho abogado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. B. Buitrago.*

Abogado de la apelada: *Sr. J. Vendrel.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Los hechos envueltos en este caso y las razones que informan la resolución apelada son los expresados por el juez sentenciador en la siguiente forma:

"En este caso, por sentencia de 18 de junio de 1920, fué desestimada la solicitud de *certiorari* presentada y anulado el auto preliminar expedido, con imposición de las costas al demandante, quien interpuso apelación para ante el Tribunal Supremo, que desestimó el recurso por resolución de 18 de enero de 1921.

"La demandada ha presentado un memorándum de costas ascendente a trescientos cincuenta y cinco dollars ($355), que el demandante ha impugnado sólo en cuanto a los honorarios de abogado se refiere: 1, porque el abogado representante de la asamblea era un

empleado del municipio con una retribución fija que se pagaba por mensualidades, y 2, porque la suma señalada de trescientos cincuenta dollars, ($350), por honorarios es excesiva, pues el trabajo realizado tiene a lo sumo un valor de cien dollars (100).

"La partida de cinco dollars ($5) por honorarios del secretario, que no se ha impugnado, se aprueba.

"Las costas en esta acción se concedieron a la parte demandada, la Asamblea Municipal de Caguas, y dicha parte tiene derecho a recibir de la parte vencida, del demandante Francisco Buxó Villafañe, una cantidad que represente el valor de los servicios del abogado. Artículo 327 del Código de Enjuiciamiento Civil, enmendado en 1917. Los honorarios no son para el abogado, sino para la parte que representa, y el hecho de que en este caso la asamblea municipal utilizara los servicios del Abogado Joaquín Vendrell, que fué oficial jurídico del municipio desde el 23 de diciembre de 1919 hasta el 30 de junio de 1920, con un haber de cien dollars (100) mensuales, no le impide recobrar una cantidad razonable que represente el valor de sus servicios.

"La partida de trescientos cincuenta dollars ($350), por honorarios de abogado, se reduce a doscientos dollars ($200), cantidad que la corte considera razonable, dadas las circunstancias del caso y vistos además los autos de este pleito."

La teoría en que se funda esta apelación es la indicada en la siguiente cita que hacemos del alegato del apelante, a saber:

"Sostenemos como único error de la honorable Corte de Distrito del Distrito Judicial de Humacao, P. R., la interpretación que da al artículo 327 del Código de Enjuiciamiento Civil tal como quedó enmendado por la Ley número 38 aprobada en abril 12 de 1917.

"Tal interpretación es el fundamento de la resolución recurrida, y a es a saber:

" ' * * * el hecho de que en este caso la asamblea municipal utilizara los servicios del Abogado Joaquín Vendrell, que fué oficial jurídico del municipio desde el 23 de diciembre de 1919 hasta el 30 de junio de 1920 con un haber de cien dólares mensuales, no le impide recobrar una cantidad razonable que represente el valor de sus servicios.' (Folio 5 del Transcript.)

"El estatuto vigente sobre la materia, citado anteriormente, lee así:

" 'Sección 327—Las partes * * *

" 'En todos los casos en que se hayan concedido a una parte las

costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose* * * * '

"La letra y el espíritu del copiado precepto no puede ser otro que el de permitir que la parte victoriosa en un pleito o procedimiento perciba de la parte vencida el valor de los servicios de su abogado o una parte del mismo; pero nunca mayor cantidad de aquella percibida por el abogado. Permitir que la parte victoriosa obtenga de la vencida más cantidad que aquella pagada por ella, ya no sería una imposición de costas y desembolsos, sino más bien una condena de indemnización en la proporción de la diferencia entre ambas cantidades."

Convenimos con el apelante en que la suma concedida por honorarios de abogado debe representar el valor de los servicios prestados; y para los fines de esta opinión puede admitirse que por lo menos generalmente dicha suma no debe exceder de la cantidad realmente recibida por el abogado, o que ciertamente se le debe. Pero en este caso no hay nada que demuestre tal exceso. Suponiendo en pro del argumento que la compensación por los servicios en cuestión estaba incluída en el sueldo de $1,200 anuales, si el tiempo y labor dedicados a este asunto en la corte de distrito comprendió un período de dos meses o más, o que de otro modo representaba aproximadamente una sexta parte del trabajo hecho o por hacerse durante el año, entonces como cuestión de simple cálculo aritmético parece inferirse que en realidad la asamblea municipal por lo menos pagó la suma de $200 por los servicios así prestados.

De todos modos no se cita ninguna autoridad para sostener la proposición de que el mero empleo de un abogado por meses, o años con un sueldo fijo mensual o anual constituye un impedimento al derecho que la ley confiere a un cliente "de recibir de la parte vencida una suma de dinero que represente el valor de los servicios de su abogado, o de parte de dicha suma"; y hasta tanto se nos cite alguna

autoridad semejante estamos obligados a ser de parecer contrario.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.